# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**In Re: P.C., K.W., & N.C.**

**No. 14-1025** (Webster County 14-JA-27 through 14-JA-29)

**FILED**

May 18, 2015

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother G.C., by counsel Teresa Monk, appeals the Circuit Court of Webster County's September 15, 2014, order terminating her parental rights to P.C. and her custodial rights to K.W.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel S.L. Evans, filed its response in support of the circuit court's order. The guardian ad litem ("guardian"), Mary Snead, filed a response on behalf of the children that supports the circuit court's order. On appeal, petitioner argues that the circuit court erred in denying her a post-adjudicatory improvement period and terminating her parental rights to P.C. and her custodial rights to K.W.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In 2007, the DHHR filed an abuse and neglect petition alleging that petitioner abused drugs. After successfully completing an improvement period, the circuit court dismissed the case. In May of 2014, the DHHR filed another abuse and neglect petition alleging that petitioner abused and neglected the children. According to the petition, petitioner was addicted to or abused drugs, which affected her ability to provide for the health, safety, and welfare of the children. The abuse and neglect proceeding was initiated after Child Protective Services ("CPS") and the West Virginia State Police discovered that petitioner was operating a clandestine methamphetamine lab in her home. Petitioner also admitted to CPS and the police that she had recently used methamphetamine and was concealing a marijuana pipe inside her vagina. As a result of the investigation, petitioner was arrested for operating a clandestine drug lab and conspiracy. Later that month, the circuit court held a preliminary hearing, which petitioner waived.

---

[1]Petitioner is not the biological mother of N.C. As such, petitioner only appeals the circuit court's rulings in regard to P.C. and K.W., and the Court addresses only these children in this memorandum decision.

1

In July of 2014, the circuit court held an adjudicatory hearing during which the circuit court heard testimony that petitioner manufactured methamphetamine in the home while the children were present. The circuit court adjudicated petitioner as an "abuse and neglectful" parent for failing to provide the children with a suitable home and that her conduct threatened the health, safety, and welfare of the children. On August 5, 2014, the circuit court held a dispositional hearing. During the hearing, a DHHR worker testified that despite receiving services for her drug abuse during her 2007 abuse and neglect proceedings, petitioner failed to provide a fit and suitable home for the child and threatened the health and safety of P.C. Ultimately, the circuit court denied petitioner's motion for a post-adjudicatory improvement period and terminated her parental rights to P.C. and her custodial rights to K.W. It is from this order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's denial of petitioner's motion for a post-adjudicatory improvement period or termination of her parental and custodial rights.

To begin, the Court finds no error in the circuit court denying petitioner's motion for a post-adjudicatory improvement period. West Virginia Code § 49-6-12(b)(2) provides circuit courts discretion in granting post-adjudicatory improvement periods upon a showing that the parent will fully participate in the same. While petitioner argues that she satisfied this burden because there was no evidence that she actually manufactured methamphetamine in her home, that the children were not actually harmed, and that she previously successfully completed an improvement period, this Court disagrees. The only evidence that petitioner was likely to fully participate in a post-adjudicatory improvement period was her own self-serving testimony that she was willing to comply with any services that the DHHR required. To the contrary, the circuit court was presented with evidence that petitioner was unlikely to comply with an improvement period. Although, petitioner successfully completed an improvement period in a prior abuse and neglect proceeding for manufacturing methamphetamine and drug use, it is clear that petitioner failed to benefit from these services as the same conditions existed in the current proceedings. Petitioner testified that she is still addicted to methamphetamines and that she did not seek

treatment for her addiction following the prior abuse and neglect proceeding. Furthermore, in the current proceeding, petitioner was arrested for allegedly operating a clandestine methamphetamine drug lab. Thus, we find that it was not error for the circuit court to deny petitioner a post-adjudicatory improvement period.

Finally, petitioner asserts that the circuit court erred in terminating her parental and custodial rights because termination was not in the children's best interest. Pursuant to West Virginia Code § 49-6-5(a)(6), termination is appropriate where there is a finding that there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future, and termination is necessary for the child's welfare. Further, we have held that "'[a]lthough parents have substantial rights that must be protected, the primary goal in cases involving abuse and neglect, as in all family law matters, must be the health and welfare of the children.' Syl. Pt. 3, *In re Katie S*., 198 W.Va. 79, 479 S.E.2d 589 (1996)." Syl. Pt. 2, *In re Timber M*., 231 W.Va. 44, 743 S.E.2d 352 (2013). *See also Michael K.T. v. Tina L.T*., 182 W.Va. 399, 405, 387 S.E.2d 866, 872 (1989) ("[T]he best interests of the child[ren] is the polar star by which decisions must be made which affect children.") (citations omitted). As stated above, petitioner admitted that she is addicted to methamphetamines. After reviewing the record on appeal, we find no error in the circuit court's findings that termination was necessary for the children's welfare and in their best interests to achieve permanency and stability.

For the foregoing reasons, we find no error in the decision of the circuit court and its September 15, 2014, order is hereby affirmed.

Affirmed.


**ISSUED:** May 18, 2015

**CONCURRED IN BY:**

Chief Justice Margaret L. Workman
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Menis E. Ketchum
Justice Allen H. Loughry II